# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GREGORY LAMAR MATHIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-01330 |
| ) | Judge Trauger |
| KEVIN GENOVESE, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**I. Introduction**

Gregory Lamar Mathis, an inmate of the Turney Center Industrial Complex in Only, Tennessee, has filed a pro se petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and has paid the filing fee.

The petitioner was convicted by a jury in Davidson County Criminal Court in 2010, of one count of aggravated robbery, one count of aggravated burglary, and two counts of especially aggravated kidnapping. (*Id.* at 1, 5; Doc. No. 16 at 1.) For these crimes, the petitioner received an effective 126-year prison sentence. (Doc. No. 1 at 17; Doc. No. 16 at 1.) He now challenges the legality of his conviction and sentence, claiming that the evidence was insufficient to support his conviction and that the trial court failed to properly instruct the jury. (Doc. No. 1 at 7.)

Upon initial review of the petition, the court directed the respondent to file the state-court record and to respond to the petitioner's claims. (Doc. No. 9.) On May 30, 2019, the respondent filed the state-court record (Doc. No. 14), a motion to dismiss the petition as untimely (Doc. No. 15), and a memorandum in support of the motion (Doc. No. 16). The petitioner filed a response

in opposition to the motion to dismiss (Doc. No. 17), and the respondent filed a reply to the petitioner's response. (Doc. No. 18.)

Having carefully considered these pleadings and the record, it appears that an evidentiary hearing is not needed in this matter. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the court shall dispose of the petition as the law and justice require. Rule 8, Rules Gov'g § 2254 Cases.

**II. Procedural History**

Following the petitioner's 2010 conviction and sentencing, the Tennessee Court of Criminal Appeals (TCCA) affirmed the Davidson County Criminal Court in a decision dated September 5, 2013, and the Tennessee Supreme Court denied discretionary review on December 12, 2013. *State v. Mathis*, No. M2011-01096-CCA-R3-CD, 2013 WL 4774130 (Tenn. Crim. App. Sept. 5, 2013), *perm. app. denied* (Tenn. Dec. 12, 2013). The petitioner did not seek review in the U.S. Supreme Court.

On October 3, 2014, the petitioner filed a pro se petition for post-conviction relief in state court (Doc. No. 14-17 at 36–49), which was submitted to prison authorities for mailing on September 23, 2014. (*Id.* at 48.) The post-conviction trial court appointed counsel, who filed an amended petition. (*Id.* at 68–72.) The trial court ultimately denied the amended petition after holding an evidentiary hearing. (*Id.* at 75–90; Doc. No. 14-18.) The TCCA affirmed the trial court's denial of post-conviction relief in a decision dated November 21, 2017, and the petitioner's application for permission to appeal to the Tennessee Supreme Court was denied on February 14, 2018. *Mathis v. State*, No. M2016-02516-CCA-R3-PC, 2017 WL 5624714 (Tenn. Crim. App. Nov. 21, 2017), *perm. app. denied* (Tenn. Feb. 14, 2018).

The petitioner submitted his undated, pro se Section 2254 petition to prison authorities for mailing no later than November 26, 2018, the date it is postmarked. (Doc. No. 1 at 58.) The petition was received and filed in this court on November 28, 2018.

**III. Analysis**

A. Timeliness of the Petition

Petitions under Section 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1); *Holland v. Florida*, 560 U.S. 631, 635 (2010). In most cases, including the case at bar, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Following the Tennessee Supreme Court's denial of discretionary review on December 12, 2013, the petitioner had ninety days in which to take the final step in the direct appeal process by filing a petition for writ of certiorari in the U.S. Supreme Court. Because he did not file such a petition, his conviction became final at the conclusion of this ninety-day period, on March 12, 2014. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). The running of the statute of limitations is counted from the following day, March 13, 2014. *See* Fed. R. Civ. P. 6(a)(1)(A) (when computing a time period "stated in days or a longer unit of time . . . exclude the day of the event that triggers the period"); *Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000) (applying Rule 6(a)'s standards for computing periods of time to habeas filing).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). The petitioner submitted his pro se post-conviction petition to prison authorities for mailing on September 23, 2014 and is deemed to have filed it on that day under the

3

Tennessee Rules of Post-Conviction Procedure. *See* Tenn. Sup. Ct. R. 28, § 2(G). The period of statutory tolling thus began on September 23, 2014[1] (the 195th day after the statute began to run) and continued until February 14, 2018, when the Tennessee Supreme Court declined to review the post-conviction case. With the conclusion of state post-conviction proceedings, the one-year limitations period resumed running the next day, on February 15, 2018. *Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007). At that point, the petitioner had 171 days (365 minus 194) remaining—or until August 6, 2018—in which to file a timely federal habeas petition.

The petitioner filed his federal habeas petition on November 26, 2018—113 days after the limitations period expired—when he delivered it to prison authorities for mailing to the court. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (recognizing "relaxed filing standard" under which "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court"). The parties agree on the operative dates recited above, although the petitioner appears to believe that the application of statutory tolling while he pursued post-conviction remedies should render his habeas petition timely. (*See* Doc. No. 17 at 1–3.) Clearly, however, even with the benefit of statutory tolling and the relaxed filing standard for pro se prisoners, the petitioner's filing in this court was not timely. The only remaining issue is whether the court should nonetheless reach the merits of the petition because the petitioner is entitled to equitable tolling of the limitations period.

---

[1] The petition refers to an earlier filing of a "Motion to Correct or Amend Sentence" on June 11, 2014, based on an alleged error in the application of a sentencing statute. (Doc. No. 1 at 6.) Even if that motion qualifies as a collateral filing for purposes of tolling under Section 2244(d)(2), the petition states that the motion was denied on June 20, 2014, nine days after it was filed, and not further pursued. As will be demonstrated, nine additional days of tolling would not affect the timeliness determination in this case.

B. Equitable Tolling

The expiration of the statutory limitations period does not act as a jurisdictional bar to habeas relief; thus, the statute may be equitably tolled in appropriate cases. *Holland*, 560 U.S. at 645–49. The doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (citing *Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). It is the petitioner's burden to show that he is entitled to equitable tolling, *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002), a burden he may carry by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Stiltner v. Hart*, 657 F. App'x 513, 520 (6th Cir. 2016).

In his response to the motion to dismiss, the petitioner argues that the extraordinary circumstance that prevented his timely filing was created by "attorneys," as demonstrated by two letters he has attached to his response. (Doc. No. 17 at 3; Doc. No. 17-1 at 3, 5.) However, these letters demonstrating post-conviction counsel's refusal to amend his appellate brief (Doc. No. 17-1 at 3) and the Tennessee Attorney General's decision not to respond to post-conviction counsel's application for permission to appeal to the Tennessee Supreme Court (*id.* at 5) have nothing to do with the petitioner's ability to file his habeas petition on time, as the limitations period was tolled during the entirety of the post-conviction process.

Additional correspondence attached to the petitioner's response suggests some delay in receiving trial transcripts from counsel following the conclusion of his direct appeal (Doc. No. 17-2 at 7), but the petitioner's pro se post-conviction filing was not unduly delayed as a result of his lack of access to trial transcripts. As noted above, the petitioner still had 171 days after the state

post-conviction process concluded in which to file a timely habeas petition in this court, yet he failed to do so. Moreover, as the respondent points out, the Sixth Circuit has held that "the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling," because "trial transcript[s]—although understandably helpful to petitioners—[are] not necessary to file a habeas petition. . . ." *Hall v. Warden*, 662 F.3d 745, 750–51 (6th Cir. 2011). Equitable tolling is only appropriate in circumstances that prevent timely filing and are "both beyond the control of the litigant and unavoidable with reasonable diligence." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012). Under the circumstances the petitioner was faced with, it would not have taken more than reasonable diligence for him to file a timely petition in this court, regardless of any delay he may have experienced in filing for post-conviction relief in state court.

In sum, the petitioner has failed to carry his burden of showing that his case warrants equitable tolling.

Finally, the petitioner makes no claim of actual innocence of the charges of conviction, such that the court could reach the merits of his petition despite its untimeliness. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (allowing that actual innocence can operate in rare cases as an "equitable exception to § 2244(d)(1)," rather than grounds for tolling). Although the petitioner claims that the evidence against him was insufficient to support his conviction, "'actual innocence' means factual innocence, not mere legal insufficiency" of the proof against the petitioner. *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Therefore, this narrow exception to a procedural bar "must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *see McQuiggan*, 569 U.S. at

398–99 (requiring "new evidence" to invoke actual innocence exception to AEDPA's statute of limitations). No such claim based on new evidence is made here.

**IV. Conclusion**

For the reasons stated above, the respondent's motion to dismiss (Doc. No. 15) is **GRANTED**. In view of its untimely filing, the petition for writ of habeas corpus (Doc. No. 1) is **DENIED** and this action is **DISMISSED**.

"When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Swantak v. Romanowski*, No. 08-CV-10126, 2008 WL 186127, at *2 (E.D. Mich. Jan. 18, 2008) (citing *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)). Because reasonable jurists could not find it debatable that the court is correct in its procedural ruling under the circumstances presented here, the court declines to issue a certificate of appealability in this case.

This is the final order in this action. The Clerk **MUST** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge